# United States Court of Appeals for the Federal Circuit

2007-1073

MOTOROLA, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Michael E. Roll, Pisani & Roll, of Los Angeles, California, argued for plaintiff-appellant. Of counsel on the brief was Mark S. Zolno, Katten Muchin Rosenman LLP, of Chicago, Illinois.

Amy M. Rubin, Trial Attorney, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice, of New York, New York, argued for defendant-appellee. With her on the brief were Barbara S. Williams, Attorney in Charge. Also on the brief were Peter D. Keisler, Acting Attorney General, and Jeanne E. Davidson, Director, of Washington, DC. Of counsel on the brief was Chi S. Choy, Office of Assistant Chief Counsel, United States Customs and Border Protection, of New York, New York.

Appealed from: United States Court of International Trade

Senior Judge Nicholas Tsoucalas

# United States Court of Appeals for the Federal Circuit

2007-1073

MOTOROLA, INC.,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  December 10, 2007

_____

Before LOURIE and LINN, <u>Circuit Judges</u>, and BUCKLO,<sup>*</sup> <u>District Judge</u>.

BUCKLO, <u>District Judge</u>.

This is the second time this case has been here on appeal from the Court of International Trade.  The issue is the appropriate tariff classification of various circuits imported by plaintiff Motorola, Inc. ("Motorola") and used in cellular phone battery packs.  This court upheld the trial court's holdings on various issues in the first appeal but remanded for further proceedings on two issues.  <u>Motorola, Inc. v. United States</u>, 436 F.3d 1357, 1368 (Fed. Cir. 2006) (<u>Motorola I</u>).  On remand, the trial court found against Motorola with respect to the tariff classification.  For the following reasons, we <u>affirm</u>.

---

<sup>*</sup>      Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

I.  BACKGROUND

This opinion will assume familiarity with this court's earlier decision, including the history of this litigation.  To summarize, Motorola imports different models of circuits that it uses in battery packs for cellular telephones.  On October 22, 1992, and February 4, 1994, Customs issued preclassification ruling letters ("PRLs") in response to requests by Motorola, in which Customs classified certain circuits under the duty free tariff schedule 8542.40.00    Between 1995 and 1997 Motorola imported ten other circuit models, filing 900 entries, which were liquidated duty free under 8542.40.00 pursuant to a "bypass procedure," meaning that the goods were not inspected for a determination of the proper tariff schedule.  However, in 1996, the Customs Port Director in Chicago reviewed 92 Motorola bypass entries and concluded they should be classified under a different entry which was not duty free.  These were liquidated in May 1997.  In response to Motorola's objection, Customs issued Headquarters Ruling ("HQ") 961050, which was not published for notice and comment.  HQ 961050 classified the May 1997 entries under subheading 8536.30.80 at a 3.2 percent ad valorem duty rate.

Based on HQ 961050, Customs liquidated the eight entries involved in this case under 8536.30.80.  Motorola filed this action in response.  The Court of International Trade held that four of the eight entries were substantially identical to one or more entries in the PRLs issued to Motorola in 1992 and 1994.  Motorola argued that Customs therefore violated 19 U.S.C. § 1625(c) because it failed to follow the notice and comment procedure stated in that section.  19 U.S.C. § 1625(c) provides:

> A proposed interpretive ruling or decision which would—
> (1) modify (other than to correct a clerical error) or revoke a prior interpretive ruling or decision which has been in effect for at least 60 days; or

(2) have the effect of modifying the treatment previously accorded by the Customs Service to substantially identical transactions; shall be published in the Customs Bulletin. The Secretary shall give interested parties an opportunity to submit, during not less than the 30-day period after the date of such publication, comments on the correctness of the proposed ruling or decision. After consideration of any comments received, the Secretary shall publish a final ruling or decision in the Customs Bulletin within 30 days after the closing of the comment period. The final ruling or decision shall become effective 60 days after the date of its publication.

In its first decision, the Court of International Trade held that PRLs are limited to the items identified in the PRL and that, accordingly, HQ 961050 did not violate § 1625(c)(1) since the items covered by the ruling were not identical to any item listed in either PRL. Motorola, Inc. v. United States, 350 F. Supp. 2d 1053, 1068-69 (Ct. Int'l Trade 2004). Motorola did not appeal that decision. The trial court also held that Customs was bound under § 1625(c)(2) by its prior classification of substantially identical circuits, through liquidation of bypass entries, because of its failure to follow the notice and comment procedure. In doing so, the trial court rejected Customs' argument that it should defer to Customs' construction of "treatment" as defined in 19 C.F.R. § 177.12(c)(1)(ii). Id. at 1073. This court disagreed, holding that the interpretation of the word "treatment" in Customs regulation, 19 C.F.R. § 177.12 (c)(1)(ii), is entitled to deference under Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984). That regulation specifies that the classification of entries "expeditiously and without examination or Customs officer review" is not "treatment" under § 1625(c)(2). This court directed the trial court on remand to determine whether the bypass entries at issue in this case were examined or reviewed and thus treated. Motorola I, 436 F.3d at 1367. In addition, because the trial court had not ruled on

whether the PRLs or importation of goods pursuant to the PRLs, constituted "treatment" under § 1625(c)(2), the trial court was directed to make this determination.[1] Id. at 1368.

On remand the trial court rejected Motorola's arguments that the bypass entries were examined or reviewed and thus treated. Motorola, Inc. v. United States, 462 F. Supp. 2d 1367, 1379 (Ct. Int'l Trade 2006). Motorola has not appealed that decision.

The trial court also found that PRLs, or goods imported pursuant to the PRLs, are not treated as that term is used in § 1625(c)(2), concluding that subsection (c)(2) could not be construed to include PRLs without rendering subsection (c)(1) superfluous. Id. at 1381. On this appeal, Motorola asks us to reverse this determination.

## II. DISCUSSION

Motorola argues that Customs violated subsection (c)(2) because Customs not only issued the two PRLs that included substantially identical parts, but followed these with years of liquidations of entries pursuant to the PRLs. Motorola argues that all of this amounts to a "treatment" under § 1625(c)(2).

Customs responds that 19 C.F.R. § 177.12(c)(1)(i) precludes such a conclusion. This court's prior opinion held that the portion of 19 C.F.R. § 177.12(c)(1)(ii) that excludes from the definition of "treatment" entries admitted "expeditiously and without examination or customs office review" is entitled to Chevron deference. We hold that 19 C.F.R. § 177.12(c)(1)(i), which like (c)(1)(ii) defines "treatment" in § 1625(c)(2), is "a reasonable and permissible construction of the statute," 436 F.3d at 1366, and thus entitled to deference under Chevron. Although in our prior opinion, we focused only on

---

[1] This court upheld the trial court's determination that four of the eight parts at issue were not substantially identical to bypass entries relied upon by Motorola. Only four parts remain in litigation.

subpart (ii) of 19 C.F.R. § 177.12(c), both subparts provide the rules by which Customs decides "whether a treatment was previously accorded by Customs to substantially identical transactions of a person." 19 C.F.R. § 177.12(c). Subsection (ii) says that Customs will look at claims of treatment on a case-by-case basis, focusing on whether Customs has examined the merchandise or otherwise reviewed the transactions, noting that no weight will be given where there has been no examination. Subsection (c)(i) informs importers who wish to claim "treatment" under § 1625(c)(2) that:

> (i) There must be evidence to establish that:
> (A) There was an actual determination by a Customs officer regarding the facts and issues involved in the claimed treatment;
> (B) The Customs officer making the actual determination was responsible for the subject matter on which the determination was made; and
> (C) Over a 2-year period immediately preceding the claim of treatment, Customs consistently applied that determination on a national basis as reflected in liquidations of entries or reconciliations or other Customs actions with respect to all or substantially all of that person's Customs transactions involving materially identical facts and issues[.]

As we held with respect to subsection (c)(ii), it is reasonable for Customs to require that before it is required to acquiesce to a claim of treatment, there have been "an actual determination" based on an examination that particular items belonged under a particular classification, by an officer with responsibility for the subject matter under consideration, and that the same determination have been made consistently over the preceding two years with respect to the importer's materially identical parts.

In this case, Customs agrees that the 1992 and 1994 PRLs could satisfy the first two requirements. Motorola cannot, however, meet the third requirement. Motorola's first argument is that the 900 entries on bypass satisfy this requirement. However,

because there was never an actual examination or determination that any of these transactions qualified for inclusion under schedule 8542.40.00 (a determination that, as noted above, was not appealed), Customs could not have applied the PRLs on a national basis to the bypass entries.

Motorola also argues that because there was more than one PRL issued on substantially identical merchandise, even if the bypass entries are not considered, the third requirement in 19 C.F.R. § 177.12(c)(1)(ii), is satisfied by the PRLs alone. Motorola thus contends that the PRLs themselves established a pattern of "treatment" under § 1625(c)(2). We disagree. It is undisputed that the PRLs are prior interpretive rulings governed by subsection (c)(1), which bind Customs "only with respect to the items identified in the PRLs and not any other merchandise, even if [the other merchandise] is substantially identical." Motorola I, 436 F.3d at 1364. Allowing an importer to rely on subsection (c)(2) merely because it had secured multiple PRLs covering "substantially identical" merchandise would create a fictitious catchall in subsection (c)(2), thereby gutting the strict identity requirement of the PRL system and rendering subsection (c)(1) superfluous. See 19 C.F.R. § 177.9(b)(2) ("Each ruling letter . . . will be applied only with respect to transactions involving articles identical to the sample submitted . . . or to articles whose description is identical to the description set forth in the ruling letter") (emphases added). Accordingly, Motorola cannot show that Customs violated § 1625(c) in issuing HQ 961050 or in classifying the May 1997 entries under subheading 8536.30.80.

## III. CONCLUSION

For the foregoing reasons, we affirm.